UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James Donald Dahl,                                        Civ. No. 17-0621 (JRT/BRT)

          Plaintiff,

v.                                                        **REPORT AND RECOMMENDATION**

Michael Jevon Lieberg, Assistant Stearns
County Attorney; and Janelle Prokopec
Kendall, Stearns County Attorney,

          Defendants.

---

Plaintiff James Donald Dahl, a Minnesota prisoner, commenced this action by filing a complaint alleging violations of his constitutional rights by state prosecutors. Dahl did not pay the required filing fee for this case, but instead filed applied for *in forma pauperis* ("IFP") status. *See* Doc. No. 2. In an order dated March 8, 2017, this Court informed Dahl that (1) he would be required to pay an initial partial filing fee of $19.00 if he intended to proceed with this action; (2) that the remainder of the $350.00 would be due in installments paid over time; and (3) that as currently plead, his complaint was unlikely to survive screening under 28 U.S.C. § 1915A. *See* Doc. No. 4. Dahl was given 20 days to pay the initial partial filing fee, failing which it would be recommended that this action be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Dahl now "requests that the time limitation of 20 days held by this court run out." (Doc. No. 5 at 3.)

1

The requirement that a prisoner pay the filing fee for all civil actions filed in federal court, whether in advance or in installments over time, is mandatory. *See Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the Prison Litigation Reform Act was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time."). Under 28 U.S.C. § 1915(b)(4), a prisoner may avoid payment of the *initial* partial filing fee if he can show that he "has no assets and no means by which to pay the initial partial filing fee." While Dahl states that he is unable to pay the full statutory filing fee, a review of Dahl's IFP application demonstrates that he receives sufficient deposits to his prison trust account each month to pay this fee. *See* Doc. No. 2-1 at 6.

Because Dahl has indicated that he will not pay the required filing fee, this Court now recommends that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(b) for failure to prosecute.

Dated: April 3, 2017                              s/ Becky R. Thorson
                                                  BECKY R. THORSON
                                                  United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.